## MARLIN'S HEIRS V. STOCKBRIDGE, ADM'R.

The objection that the names of but eleven jurors are recited in the entry of judgment is entitled to no weight.

The questions presented by the record, and in argument, upon the validity of the appellee's title, have been so fully disposed of and settled by repeated decisions of the Court in other cases, as to render their further consideration and discussion unnecessary. (Hancock v. McKinney, 7 Tex. R. 384; Murchison v. Hall, 10 Tex. R. 461; Jenkins v. Chambers, 9 Tex. R. 167; Bryan v. Jackson, 11 Tex. R. 391; Scott & Soloman v. Maynard and Wife, Dallam, 548.)

Appeal from Montgomery. Action of trespass to try title. (The record in this case being mislaid, we are unable to prepare a statement of the facts. REPS.)

*Sayles, Gillespie, Jones and Taylor,* for appellants.

*H. N. & M. M. Potter,* for appellee.

WHEELER, J. The objection that the names of but eleven jurors are recited in the entry of the judgment, is entitled to no weight. It doubtless was a mere clerical omission. (1 Tex. R. 638.) But if not, the parties might waive the right to a trial by a jury of twelve men ; and in a civil case especially, after a trial, and when the objection is first made in this Court, they ought to be held to have done so.

The questions presented by the record and in argument, upon the validity of the appellee's title, have been so fully disposed of and settled by repeated decisions of the Court in other cases, as to render their further consideration and discussion in this case unnecessary. (Hancock v. McKinney, 7 Tex. R. 384; Murchison v. Hall, 10 Tex. R. 461; Jenkins v. Chambers, 9 Tex. R. 167; Bryan v. Jackson, 11 Tex. R. 391; Scott & Solomon v. Maynard and wife, Dallam, 548.) Upon the au-

thority of those cases, and the principles which they maintain applied to the same questions in this case, the judgment must be affirmed.

Judgment affirmed.